NOT FOR PUBLICATION                                                                   CLOSED

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MARTIN CARLUCCIO, : | |
| : | |
| Plaintiff, : | |
| v. : | CIVIL ACTION NO. 06-4354 (JLL) |
| : | |
| PARSONS INSPECTION & : | |
| MAINTENANCE CORPORATION, : | |
| a subdivision of PARSONS : | |
| CORPORATION, and JOHN DOES 1-5, : | |
| fictitious names of agents, employees of : | **OPINION** |
| and/or supervisory employees of the : | |
| PARSONS CORPORATION responsible : | |
| for causing harm to Plaintiff, : | |
| : | |
| Defendants. : | |

**LINARES**, District Judge.

Plaintiff, Martin Carluccio, filed a complaint against Defendant, Parsons Inspection & Maintenance Corporation, in the Superior Court of New Jersey, Law Division, Bergen County on or about August 18, 2006. Plaintiff asserts that Defendant retaliated against him in violation of the New Jersey Conscientious Employee Protection Act, N.J.S.A. § 34:19-1 et seq. ("CEPA") (count one) and breached a collective bargaining agreement (count two).

Defendant removed the matter to this Court on the grounds that Plaintiff's claims are preempted by section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 ("LMRA").[1]

---

[1] Defendant's notice of removal cites federal question jurisdiction, 28 U.S.C. § 1331, as a basis for removal, but not diversity jurisdiction, 28 U.S.C. § 1332. Furthermore, it appears that Defendant did not assert NLRA preemption as a basis for removal because, although LMRA § 301 completely preempts state law and thus, provides a jurisdictional basis for removing a state court lawsuit to federal court, preemption under sections 7 and 8 of the NLRA, which are implicated in this matter, does not provide a basis for federal court jurisdiction. See, e.g., Caterpillar, Inc. v. Williams, 482 U.S. 386, 392-94, 397-98 & n.12 (1987); Kline v. Security Guards, Inc., 386 F.3d 246, 262-63 (3d Cir. 2004); Broines v. Bon Secours Health Sys., No. 02-

Currently before the Court is Defendant's motion to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6). Defendant argues that Plaintiff's claims should be dismissed as preempted by LMRA § 301. Further, to the extent Plaintiff's CEPA claim is not preempted by the LMRA, Defendant claims it is either preempted by sections 7 and 8 of the National Labor Relations Act, 29 U.S.C. § 151 et seq. ("NLRA") under the Garmon preemption doctrine, announced by the United States Supreme Court in San Diego Building Trades Council v. Garmon, 359 U.S. 236 (1959) or should be dismissed for failure to state a claim.

For the following reasons, the Court grants in part and denies in part Defendant's motion to dismiss. The Court holds that count two of Plaintiff's complaint, alleging breach of a collective bargaining agreement, is preempted by LMRA § 301 and must be dismissed. Count one, Plaintiff's CEPA claim, is not preempted by LMRA § 301. The Court declines to exercise supplemental jurisdiction over Plaintiff's CEPA claim and thus, will not consider whether the CEPA claim is preempted by the NLRA or whether Plaintiff has failed to state a cognizable CEPA claim. This matter is remanded to state court.[2]

**I.      Factual History**

Plaintiff was Defendant's employee at a facility located in Lodi, New Jersey, from approximately August 12, 2002 to September 28, 2005, when Defendant terminated Plaintiff's employment. The exact nature of Plaintiff's employment is unclear from the face of Plaintiff's complaint; however it appears that Plaintiff worked as a lane inspector and performed emissions tests on private vehicles. Plaintiff alleges that during the course of his employment at Defendant's facility, he was subject to harassment and threats of physical violence in retaliation

---

3504, 2003 WL 21467224, at *3 (3d Cir. June 25, 2005).

   [2] This motion is resolved without oral argument pursuant to Fed. R. Civ. P. 78.

2

for complaints Plaintiff made to his supervisors about various workplace conditions.

In particular, Plaintiff alleges that from January 2005 through September 2005, Defendant subjected Plaintiff to various adverse employment actions, including:

(1) singling Plaintiff out and asking him where his cell phone was located;

(2) forcing Plaintiff to illegally empty his pockets in the office;

(3) forcing Plaintiff to submit to drug and alcohol testing and suspending Plaintiff pending the results;

(4) accusing Plaintiff of throwing a cigarette box on the table at his supervisor; and

(5) ultimately terminating Plaintiff for insubordination and improper conduct.

Plaintiff claims that Defendant's actions violated the "union contract and/or the policies and procedures of Parsons" (count two).  Furthermore, Plaintiff alleges that Defendant violated CEPA (count two) by engaging in these adverse employment actions in retaliation for Plaintiff:

(1) complaining to the local union that Plaintiff's manager, Mike Forino, forced Plaintiff to shovel snow in violation of company policy and union contract;

(2) complaining to his supervisors that Executive Board member, Richard DeCandia, threatened to "get his Glock and come back and shoot Plaintiff;"

(3) complaining to the SEIU Complaint Department[3] that Decandia, and those he was friendly with, were taking too much time off for "union business;"

(4) complaining to unspecified persons that certain employees were improperly punching time cards of other employees who were away on "union business;"

(5) complaining to Forino that in response to Plaintiff's accusations that he was taking too much time off on "union business," Decandia threatened to "hit Plaintiff in the head;" and

(6) complaining to unspecified others about Decandia's threats of physical violence, including threats made by Decandia when Plaintiff parked in Decandia's parking space.

---

[3] Plaintiff does not elaborate on his reference to the "SEIU Complaint Department."

For relief, Plaintiff seeks unspecified compensatory damages; punitive damages; reinstatement of Plaintiff's employment with appropriate seniority; repayment for lost wages and benefits with interest; and attorney's fees and costs.

## II.     Standard of Review

Defendant brings the instant motion under Fed. R. Civ. P. 12(b)(1) and (b)(6).  Neither party explains which provision, Rule 12(b)(1) or Rule 12(b)(6), is the appropriate rule to apply when the issue is whether a complaint should be dismissed due to LMRA or NLRA preemption.  Because the Court herein is declining to reach the issues of whether Plaintiff's CEPA claim is preempted by the NLRA and whether Plaintiff has otherwise failed to state a CEPA claim, the Court must determine what standard of review is appropriate when considering whether LMRA § 301 preempts Plaintiff's state law claims.

Various courts have applied the Rule 12(b)(6) standard in such a case.  See, e.g., Bergen Regional Medical Center, L.P. v. Health Professionals, No. 05-2596, 2005 WL 3216549, at *2 (D.N.J. Nov. 29, 2005); Seritti v. Miners Memorial Medical Center, No. 3:00CV1748, 2001 WL 830329, at *3-4 (M.D. Pa. July 24, 2001); see also Myers v. AK Steel Corp., No. 04-4258, 156 Fed. Appx. 528, 2005 WL 3325785, at *1-2 (3d Cir. Dec. 8, 2005) (affirming district court's dismissal of matter as preempted by LMRA § 301 under Rule 12(b)(6)).  Defendant has failed to persuade the Court that the Rule 12(b)(1) standard should instead apply.  Thus, the Court analyzes the issue presented pursuant to Rule 12(b)(6).[4]

---

[4]  Although LMRA § 301 preemption is jurisdictionally sufficient to authorize the removal of Plaintiff's state court lawsuit to this Court, see supra note 1, it would appear illogical to apply Rule 12(b)(1) to this analysis.  A defendant who removes a case from state court to federal court has the burden of establishing federal jurisdiction.  See, e.g., Dukes v. U.S. Healthcare, Inc., 57 F.3d 350, 359 (3d Cir. 1995).  Defendant removed Plaintiff's state court

Pursuant to Rule 12(b)(6), the Court has the authority to dismiss a complaint that fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Court must accept as true all well-pleaded factual allegations in the complaint and any reasonable inferences drawn therefrom. See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996). The Court may consider exhibits attached to the complaint, matters of public record, and documents that form a basis of the plaintiff's claim. Lum v. Bank of America, 361 F.3d 217, 222 n. 3 (3d Cir. 2004). However, the Court need not consider the plaintiff's bald assertions or legal conclusions. Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

### III.     Legal Discussion

Defendant argues that Plaintiff's breach of contract and CEPA claims are preempted by LMRA § 301.

Section 301 of the LMRA states:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a).

Pursuant to LMRA § 301, federal courts have the exclusive jurisdiction to enforce labor contracts. See 29 U.S.C. § 185; Patterson v. Exxon Mobile Corp., 262 F. Supp. 2d 453, 457 (D.N.J. 2003). Thus, if a plaintiff seeks relief under state law for a violation of a collective

---

lawsuit to this Court on the basis of the presence of a federal question—preemption under LMRA § 301. Should the Court construe Defendant's instant motion as one for lack of subject matter jurisdiction, it would allow Defendant to bring this case to federal court on the assertion of subject matter jurisdiction and then obtain a dismissal of the case on the ground of lack of subject matter jurisdiction. Since Defendant ultimately seeks the Court's dismissal of Plaintiff's claims as preempted by LMRA § 301, it appears that dismissal pursuant to Rule 12(b)(6) would be the more appropriate standard to apply to the instant motion.

5

bargaining agreement or if the interpretation of such an agreement is necessary in order for the court to resolve the plaintiff's state law claim, the claim is preempted by LMRA § 301. See, e.g., Lingle v. Norge Division of Magic Chef, Inc., 486 U.S. 399, 406, 413 (1988); Patterson, 262 F. Supp. 2d at 457. In conducting this inquiry, courts must determine whether plaintiff's state law claim is substantially dependent on an analysis of the terms of a labor contract or inextricably intertwined with such a contract. See Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 213, 220 (1985).[5]

However, substantive rights can exist in the labor relations context without involving the interpretation of collective bargaining agreements. See Lingle, 486 U.S. at 411. If the state law claim can be resolved independently—without interpreting the labor contract itself—the state law claim is not preempted. See id. at 407-11. More specifically, the mere fact that a collective bargaining agreement will be referenced or consulted during state law litigation is insufficient to warrant preemption. See, e.g. Voilas v. General Motors Corp., 170 F.3d 367, 377 (3d Cir. 1999); see also Beidleman v. Stroh Brewing Company, 182 F.3d 225, 232 (3d Cir. 1999) ("section 301 does not preempt every dispute that tangentially concerns the terms of a collective bargaining agreement"). Furthermore, the Supreme Court has emphasized that the interpretation of a collective bargaining agreement is not required where the primary issues in the state law litigation are factual questions about an employee's or employer's motives or conduct. See Hawaiian Airlines, Inc. v. Norris, 512 U.S. 246, 261 (1994); Lingle, 486 U.S. at 407.

### A.     **Breach of Contract Claim (Count Two)**

Based on the above standards, Plaintiff's breach of contract claim, set forth in count two,

---

[5] The Third Circuit has held that the phrase "inextricably intertwined" is equivalent to "substantial dependence." See Beidleman v. Stroh Brewery Company, 182 F.3d 225, 232 n.4 (3d Cir. 1999) (citing Berda v. CBS, Inc., 881 F.2d 20, 27 n.8 (3d Cir. 1989)).

is preempted by LMRA § 301.  Plaintiff states in his complaint that the "actions of Plaintiff's supervisors . . . constitute a violation of the union contract and/or the policies and procedures of Parsons Inspection & Maintenance Corporation."  Complaint at p. 13.  Since Plaintiff is seeking relief under state law for a violation of a labor contract, or, with regard to Defendant's "policies and procedures," (which have been incorporated by reference into the collective bargaining agreement) relief which must be evaluated in accordance with the provisions of the labor contract, Plaintiff's breach of contract claim is preempted by LMRA § 301.  See, e.g., Seritti, 2001 WL 830329, at *3-4 ("A state law claim for breaching the terms of a CBA is entirely preempted by § 301 of the LMRA.").

When a court determines that a state law claim is preempted by LMRA § 301, it can either treat the claim as a LMRA § 301 claim or dismiss such claim as preempted.  See Allis-Chalmers, 471 U.S. at 220.  This claim is dismissed as preempted.  See, e.g., Bergen Regional Medical Center, 2005 WL 3216549, at *5 (dismissing state law claim due to preemption by LMRA § 301).  Even if this Court were to treat Plaintiff's breach of contract claim as a § 301 claim, Plaintiff has not alleged that he completed the appropriate administrative grievance procedures prior to filing the instant lawsuit. See, e.g., Allis-Chalmers, 471 U.S. at 220-21; Adkins v. U.S. West Communications, Inc., 181 F. Supp. 2d 1189, 1199-1200 (D. Colo. 2001); see also Myers, 2005 WL 3325785, at *2 ("An employee alleging breach of the collective bargaining agreement . . . must exhaust contractually-mandated grievance and arbitration procedures before he or she is permitted to file suit under § 301.")  Thus, Plaintiff's breach of contract claim against Defendant must be dismissed.[6]

---

[6] Defendant does not argue that Plaintiff waived its claim for breach of the collective bargaining agreement by filing a CEPA claim.  See N.J.S.A. § 34:19-8 ("the institution of an action in accordance with this act shall be deemed a waiver of the rights and remedies available

### B.     CEPA Claim (Count One)

Although Plaintiff's breach of contract claim is preempted by LMRA § 301, Plaintiff's state law CEPA claim is not preempted by this statute. New Jersey's CEPA statute protects an employee from retaliation by his employer in cases where the employee "blows the whistle" or complains about illegal or improper conduct. See Reynolds v. TCM Sweeping, Inc., 340 F. Supp. 2d 541, 545 (D.N.J. 2004) (citing Hernandez v. Montville Twp. Bd. of Educ., 808 A.2d 128 (N.J. Super. Ct. App. Div. 2002)). In order to establish a CEPA claim, Plaintiff must demonstrate that (1) he reasonably believed that Defendant's conduct was violating a law, rule, regulation, or clear mandate of public policy; (2) he performed whistle-blowing activity (i.e., complained about the Defendant's conduct); (3) Defendant took an adverse employment action against him; and (4) there was a causal link between his whistle-blowing activity and the adverse employment action. See, e.g., Dzwonar v. McDevitt, 828 A.2d 893, 900 (N.J. 2003).

The courts in Reynolds v. TCM Sweeping, Inc., 340 F. Supp. 2d 541 (D.N.J. 2004) and Patterson v. Exxon Mobil Corp., 262 F. Supp. 2d 453 (D.N.J. 2003) previously considered the issue of whether a CEPA claim is preempted by LMRA § 301. Both courts held that the respective plaintiffs' CEPA claims were not preempted because the primary issue in resolving such claims was not the interpretation of a collective bargaining agreement, but an examination of the parties' actions and motivations. See Reynolds, 340 F. Supp. 2d at 547-49; Patterson, 262 F. Supp. 2d at 458-64; see also Lingle, 486 U.S. at 470 (holding that state retaliatory discharge

---

under any other contract, collective bargaining agreement, State law, rule or regulation or under common law"). Plaintiff does not raise the CEPA waiver provision as an obstacle to the removal of this case to federal court. Therefore, the Court does not determine whether Plaintiff's breach of contract claim in count two should be dismissed as waived pursuant to section 34:19-8.

statute was not preempted by LMRA § 301 because adjudication of the claim focused on the employee's conduct and the employer's conduct and motivations, not on an interpretation of the terms of a collective bargaining agreement). These courts made clear that New Jersey's mandate, via CEPA, that a person not be fired or otherwise retaliated against by his or her employer for whistleblowing, is independent of any provision in a collective bargaining agreement. Defendant fails to point to any case which holds otherwise.

      Plaintiff's CEPA claim in the instant case is similar to those raised in Reynolds and Patterson. Plaintiff alleges that he made numerous complaints to his supervisors about certain conditions of his employment. Plaintiff's allegations—that he was improperly forced to empty his pockets in the office, forced to shovel snow, forced to submit to drug and alcohol testing, accused of throwing a cigarette box at his supervisor, and ultimately terminated in retaliation for his complaints about threats made by Decandia and complaints about Decandia's frequent absence on "union business"—primarily involve the examination of the parties' actions and motivations, not the interpretation of a collective bargaining agreement. Thus, the CEPA claim, as a whole, is independent of any collective bargaining agreement. See Patterson, 262 F. Supp. 2d at 459 (emphasizing that "[t]he CEPA claim as a whole is not reliant solely on the CBA").

      Even if Plaintiff alleges that Defendant's actions against Plaintiff were in retaliation for Plaintiff's complaints about Defendant's violation of terms of the collective bargaining agreement, which Plaintiff arguably claims with regard to the forced snow shoveling, such allegations are insufficient to justify preemption of the CEPA claim under LMRA § 301. As indicated above, the mere fact that Plaintiff references a collective bargaining agreement in making his CEPA allegations does not warrant preemption. More importantly, the first prong of the CEPA test requires Plaintiff to demonstrate that he reasonably believed that Defendant was

violating a law, rule, regulation, or clear mandate of public policy (which he subsequently complained about).  The focus is not on whether Plaintiff reasonably believed that Defendant's conduct violated the collective bargaining agreement, or whether at the end of the day, the collective bargaining agreement was in fact violated.  See Dzwoner, 828 A.2d at 904 (stating that CEPA applies in instances where an employee complains about a violation of a law, rule, regulation, or public policy, not where he complains about rights pursuant to a " 'contract between a union and its members' " (citation omitted)).[7]  Thus, the Court finds that Plaintiff's CEPA claim is not preempted by LMRA § 301.

Having found that Plaintiff's CEPA claim is not preempted by LMRA § 301, the Court remands this matter for lack of subject matter jurisdiction.  Defendant removed this matter to this Court on the sole ground that Plaintiff's breach of contract and CEPA claims were preempted by LMRA § 301.  With respect to the breach of contract claim, the Court agreed with Defendant and dismissed the claim for the reasons discussed above.   The Court disagreed with Defendant as to Plaintiff's CEPA claim, which is not preempted by LMRA § 301.  Thus, there is no federal claim remaining in this case.  The Court accordingly declines to exercise supplemental jurisdiction over Plaintiff's CEPA claim and will not consider its merits.  28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction").

---

[7] Furthermore, even if Plaintiff's CEPA claims were based on Defendant's retaliation for Plaintiff's complaints about violations of the collective bargaining agreement, it appears that such claims would be subject to the CEPA waiver provision of N.J.S.A. § 34:19-8, discussed supra at note 6.  See Young v Schering Corp., 660 A.2d 1153, 1160 (N.J. 1995) (interpreting N.J.S.A. § 34:19-8 and concluding that this waiver provision prohibits an individual from bringing claims for retaliatory discharge based on, upon other things, an employment contract or collective bargaining agreement).

**IV.     Conclusion**

For the foregoing reasons, the Court grants in part and denies in part Defendant's motion to dismiss.  Plaintiff's breach of contract claim is preempted by LMRA § 301 and is dismissed. Plaintiff's CEPA claim is not preempted by LMRA § 301.  The Court declines to exercise supplemental jurisdiction over Plaintiff's CEPA claim.  This matter is *sua sponte* remanded to Plaintiff's original choice of forum, the Superior Court of New Jersey.  Plaintiff can pursue his CEPA claim in state court.  Defendant will have the opportunity to raise NLRA preemption pursuant to the Garmon preemption doctrine, as well as Plaintiff's purported failure to state a CEPA claim, as defenses in such proceedings.  An appropriate order accompanies this opinion.

/s/ Jose L. Linares
United States District Judge

Dated:  April 20, 2007